UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADAM-WESLEY: POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CAUSE NO.: 1:12-CV-126 |
| v. | ) |
| | ) |
| STATE OF INDIANA, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the various Motions to Stay filed by Defendants, the City of Portland and the Portland Police Department (Docket # 33), the Portland City Court (Docket # 36), the Jay County Sheriff's Department (Docket # 42), and Como Service, LLC (Docket # 44). Plaintiff Adam-Wesley: Powell responded to the Motions to Stay filed by the City of Portland and the Portland Police Department and the Portland City Court (Docket # 41) and also addresses all of the motions to stay, somewhat obliquely, in his filing on September 10, 2012, entitled "Motion for Summary Judgment" (Docket # 46). For the following reasons, the motions to stay will be GRANTED.

*A. Factual and Procedural Background*

On March 5, 2012, City of Portland police officers pulled over Plaintiff Adam-Wesley: Powell in his vehicle and issued him four citations—for a window tint violation, failure to insure his vehicle, failure to register his vehicle, and not having a valid driver's license. (Docket # 34 at 2.) His vehicle was subsequently searched and impounded; the private company that towed Powell's car gave him notice that he could retrieve it after paying the towing and storage fees.

1

(Docket # 34 at 2.)  The company later sold the vehicle.  (Docket # 34 at 2.)

On March 16, 2012, Powell filed his *pro se* Complaint in this Court, bringing suit against the Defendants pursuant to 42 U.S.C. §§ 1982, 1983, and 1985(3).  (Docket # 12 at 3.)  He asserts various violations of the United States and Indiana Constitutions, all arising from the events of March 5, 2012, including the traffic stop, the search and seizure of his car, the issuance of the four traffic citations, and the eventual sale of his vehicle.  (*See* Docket # 12 at 3-6.)

Almost two months after filing his Complaint, Powell pleaded not guilty to the citations, and a trial was set for October 3, 2012.  (Docket # 33-1 at 3, 5, 7, 9.)  On July 31, 2012, Powell sent a letter to the Portland City Court, stating that if the court decided to dismiss the entire case against him, he would "be more than willing to move the District Court to strike the PORTLAND CITY COURT from the Federal docket."  (Docket # 33-1 at 19.)

On August 23, 2012, two of the Defendants, the City of Portland and the Portland Police Department, moved to stay Powell's case in this Court pending the disposition of the charges against him in state court and all subsequent appeals.  (Docket # 33.)  Several other Defendants—the Portland City Court, the Jay County Sheriff's Department, and Como Service, LLC—soon followed suit, filing their own motions to stay and primarily incorporating by reference the City of Portland and the Portland Police Department's arguments for a stay. (Docket # 36, 42, 44.)

Powell responded to the Motions to Stay filed by the City of Portland and the Portland Police Department and the Portland City Court on August 28, 2012, in a document entitled "Motion for Protective Order and to Strike."  (Docket # 41.)  In the response, Powell appears to argue that he cannot get a fair trial in the Portland City Court and that the cases the Defendants

2

cite in support of their motions to stay are distinguishable. (Docket # 41 at 2.) Powell further objects to the withdrawal of Attorney Wayne Uhl as counsel for the Portland City Court, while continuing to represent the City of Portland and the Portland Police Department (Docket # 41 at 3-4), which this Court granted on August 23, 2012 (Docket # 35). In his Motion for Summary Judgment, Powell also responds, albeit somewhat obliquely, to the motions to stay, arguing—as far as this Court can tell—that the motions are further evidence of conspiracy, that, once again, he cannot get a fair trial in the Portland City Court, and that the Portland City Court has committed perjury, all of which, Powell claims, make a stay inappropriate. (*See* Docket # 46 at 1-3.)

### B. Discussion

First, Powell appears to believe that staying this case would mean that this Court "stays out" of the matter entirely. (*See* Docket # 46 at 1-2.) A stay, however, means that the Court will simply stop the federal case pending final judgment of the state court proceeding. *See Mitts v. Marszewski*, No. 97 C 2029, 1998 WL 26151, at *2 (N.D. Ill. Jan. 14, 1998). Moreover, "[a] stay allows the state case to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists." *Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995) (citation and internal quotation marks omitted).

According to the United States Supreme Court, based on equity and out of respect for state judicial systems, "unless there are extraordinary circumstances, federal courts should abstain from enjoining ongoing state criminal proceedings." *Trevino v. Drew Tittle*, No. 1:09-CV-248RM, 2009 WL 3153754, at *2 (N.D. Ind. Sept. 22, 2009) (construing *Younger v. Harris*,

401 U.S. 37, 44, 53 (1971)).  In the years following *Younger*, this type of abstention—known as *Younger* abstention—has expanded and now applies to "federal claims for damages, where the federal claims are 'potentially subject to adjudication' in the state criminal proceeding and thus could 'interfere' with the state criminal proceeding."  *Robinson v. Lother*, No. 04 C 2382, 2004 WL 2032120, at *2 (N.D. Ill. Sept. 1, 2004) (citing *Simpson*, 73 F.3d at 137-39).

Under the *Younger* doctrine, a court must abstain from proceeding with the federal claims if "(1) there is an ongoing state proceeding that is judicial in nature; (2) the state proceeding implicates important state interests; (3) there is an adequate opportunity in the state court proceeding to raise the constitutional challenge presented in the federal claims; and (4) there are no extraordinary circumstances that would render abstention inappropriate."  *Trevino*, 2009 WL 3153754, at *3 (citing *Forty One News v. Cnty. of Lake*, 491 F.3d 662, 665 (7th Cir. 2007); *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002)).  The "extraordinary circumstances" exception is limited and applies only where the state proceeding is being conducted in bad faith or to harass; there is an extraordinarily pressing need for equitable relief; or the challenged provision patently violates express constitutional prohibitions.  *Robinson*, 2004 WL 2032120, at *2 (internal quotation marks and citations omitted).

Applying these factors to the instant case, there is undoubtedly an ongoing judicial state proceeding; Powell's trial on the four traffic citations, arising out of the events in dispute here, is scheduled for October 3, 2012.  Moreover, Powell makes a Fourth Amendment unreasonable search and seizure claim (*see* Docket # 12 at 3-4), which creates a "potential for friction between the state and federal courts," *Trevino*, 2009 WL 3153754, at *4.  And, if the state court finds that Powell was lawfully stopped, then that determination affects whether the search, seizure, and

towing of his vehicle was constitutional. *See, e.g.*, *United States v. Clinton*, 591 F.3d 968, 972 (7th Cir. 2010) ("Police who lawfully impound a vehicle may take an inventory search of its contents, because they are responsible for those contents while the car and its contents are in their custody."); *United States v. Duguay*, 93 F.3d 346, 352 (7th Cir. 1996) ("An impoundment must be supported by probable cause, or be consistent with the police role as 'caretaker' of the streets and completely unrelated to an ongoing criminal investigation.").

Furthermore, the second requirement is met here as "the state proceeding implicates important state interests: the prosecution of alleged criminal activity, as well as the behavior of police officers in effectuating [searches]." *Trevino*, 2009 WL 3153754, at *4 (quoting *Robinson*, 2004 WL 2032120, at *6). And, as to the third requirement, it seems that Powell has an opportunity in state court to present the constitutional issues he is raising here. *Id.* Finally, no extraordinary circumstances are present here that make it "more appropriate to go forward with [Powell's] civil case instead of abstaining until [his] state proceedings are complete." *Id.* As such, *Younger* abstention applies, and a stay of Powell's civil case in this Court is appropriate. *See Wise v. Stefanatos*, No. 1:10-CV-133 RM, 2010 WL 3980279, at *3 (N.D. Ind. Oct. 8, 2010) (granting a stay of the federal case when the issue of an illegal search and seizure was raised in the state criminal prosecution, and, as such, the federal case could not proceed without interfering with the state court action); *Trevino*, 2009 WL 3153754, at *4 (staying the plaintiff's federal case after determining *Younger* abstention applied).

None of Powell's various arguments change this outcome. Powell cannot have his state charges dismissed in an action under 42 U.S.C. § 1983, but rather "must challenge or pursue dismissal of any charge through the state court system, which might include raising issues at trial

or in a post-conviction motion and appealing any adverse decision to the Indiana Court of Appeals and/or the Indiana Supreme Court." *Wise*, 2010 WL 3980279, at *2 (citations omitted). This would presumably include allegations that Powell received an unfair trial in the Portland City Court. And while the plaintiffs in both *Trevino* and *Wise* filed motions to dismiss in their state criminal proceedings, *see id.*; *Trevino*, 2009 WL 3153754, at *3, something Powell has apparently not done here, this factual difference does not change this Court's analysis of the *Younger* abstention factors. Powell's objection to Attorney Uhl's withdrawal as counsel for the Portland City Court—because the Attorney General had appeared for it—while continuing to represent the City of Portland and the Portland Police Department, is not only moot, but unfounded. Similarly, Powell's allegations that the Portland City Court has committed perjury are irrelevant to this Court's determination that a stay is appropriate.

### C. Conclusion

Therefore, for the foregoing reasons, the various Motions to Stay in this case (Docket # 33, 36, 42, 44) are GRANTED. Accordingly, this action is stayed pending resolution of Powell's state criminal proceedings and all subsequent appeals.

SO ORDERED.

Entered this 25th day of September, 2012.

s/Roger B. Cosbey  
Magistrate Judge  
United States District Court