UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

Adam-Wesley: Powell,

    Plaintiff,

v.

    Case No. 1:12-CV-126-JVB

State of Indiana, et al.,

    Defendants.

**OPINION AND ORDER**

## I. Introduction

### A. Factual Background

On March 5, 2012, City of Portland police officers stopped Plaintiff Adam-Wesley: Powell in his vehicle and issued him citations for a window tint violation and for failure to insure his vehicle, register his vehicle, and have a valid driver's license. (DE 34 at 2.) Plaintiff's car was searched and impounded, and the private towing company gave him notice that he could retrieve the car after paying the towing and storage fees. (*Id.*) After he failed to do so, the company sold the vehicle. (*Id.*)

### B. Procedural Background and Allegations

On May 29, 2012, Plaintiff filed a pro se Amended Civil Rights Complaint against "STATE OF INDIANA in c/o the Office of Governor, CITY OF PORTLAND in c/o of the Office of the Mayor, PORTLAND POLICE DEPARTMENT, PORTLAND CITY COURT,

COMO SERVICE, LLC, [and] JAY COUNTY SHERIFF DEPARTMENT in c/o the STATE OF INDIANA." (DE 12 at 1.)

Plaintiff sued these six Defendants pursuant to 42 U.S.C. §§ 1982, 1983, and 1985(3). (DE 12 at 3.) He asserted various violations of the United States and Indiana Constitutions, all arising out of the events of March 5, 2012, including the traffic stop, the search and seizure of his car, the issuance of the four traffic citations, and the eventual sale of his vehicle. (DE 12 at 3–6.) Plaintiff seeks compensation for his car's value ($2,802), the traffic fines (three at $130.50 and one at $140.50), and the towing and storage fees ($1,505)—all multiplied by 10,000 due to the alleged offenses against his "inalienable and indefeasible rights"—plus $6,615,000 in punitive damages, for a total of $55 million. (DE 12 at 7, 9–10.)

On July 30, 2012, Defendant State of Indiana moved to dismiss the case. (DE 22.) Three days later, Magistrate Judge Roger B. Cosbey entered a Notice and Order informing Plaintiff about the nature of a motion to dismiss and directing him to respond to the motion within twenty days. (DE 29.) Plaintiff did so by filing a Motion to Show Cause & for Summary Judgment on August 22. (DE 31.) The State of Indiana replied on August 24 (DE 37), and Plaintiff filed a sur-response on September 4 (DE 45). Thereafter, on September 10, Plaintiff filed a second Motion for Summary Judgment. (DE 46.)

## II. Analysis

### A. Plaintiff's Motions for Summary Judgment (DE 31 and 46) are denied as premature.

To the extent that Plaintiff's motion titled "Motion to Show Cause & for Summary Judgment" (DE 31), filed on August 12, 2012, purports to be a motion for summary judgment, it

2

is denied as premature. The Court's procedure is to accept summary judgment briefings after the conclusion of discovery, which has not yet occurred in this case. Likewise, Plaintiff's Motion for Summary Judgment (DE 46), filed on September 10, 2012, is also denied as premature.

**B. Defendant State of Indiana's Motion to Dismiss (DE 22) is granted.**

The Court grants Defendant State of Indiana's Motion to Dismiss (DE 22) for two reasons: (1) Plaintiff's suit is precluded by the state's sovereign immunity under the Eleventh Amendment to the U.S. Constitution; and (2) even if Plaintiff could sue the state, he has failed to state a claim upon which relief can be granted.

First, the Eleventh Amendment bars Plaintiff's suit against the State of Indiana. That amendment states, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. This immunity has been extended to prevent citizens from suing their own states as well. *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletic Dep't*, 510 F.3d 681, 694–695 (7th Cir. 2007) (citing *Edelman v. Jordan*, 415 U.S. 651, 662–663 (1974) (overruled on other grounds)). There are only three exceptions to such sovereign immunity: "[f]irst, a state may waive immunity by consenting to suit in federal court; second, Congress may abrogate the state's immunity through a valid exercise of its powers; third, under the *Ex parte Young*[1] doctrine, a plaintiff may file 'suit[ ] against state officials seeking prospective equitable relief for ongoing violations of federal law.'" *Peirick*, 510 F. 3d at 695 (citations omitted). None of these exceptions are present

---

[1] *Ex parte Young,* 209 U.S. 123 (1908).

in this case; therefore, Plaintiff is barred from suing the State of Indiana under the Eleventh Amendment to the U.S. Constitution.

Second, Plaintiff has failed to state any claim against the State of Indiana for relief that this Court can grant. The complaint must contain at least "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

However, Plaintiff's amended complaint (DE 12) provides no facts explaining how the State of Indiana has harmed him. He merely mentions how the city and county police officers' alleged conduct made them "assume[ ] the title of belligerents and brokers of business for the corporate entity of the STATE OF INDIANA," which is both nonsensical and unrelated to acts of the state itself. (*Id*. at 5.) He then concludes that he is entitled to $55,000,000 in damages for such acts as the impounding his vehicle, that is, when "[his] private property was converted into public property by the defendants." (*Id.* at 7, 9.) Without further explanation, he assigns $22,085,000 of those damages to the State of Indiana, which is asked to pay for one-half of the value of his vehicle, one-fourth of the cost of his four traffic tickets, three-eighths of the vehicle's towing and storage expenses, and one-sixth of the punitive damages sought. (*Id*. at 9–10.) Plaintiff's claims against the State of Indiana must be dismissed because they are merely legal conclusions of liability and damages without any factual basis.

**III. Conclusion**

The Court denies Plaintiff's Motions for Summary Judgment (DE 31 and 46) as premature. The Court grants Defendant State of Indiana's Motion to Dismiss (DE 22).

SO ORDERED on May 1, 2013.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE