UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ADAM-WESLEY POWELL, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:12-CV-126 |
| PORTLAND CITY COURT, et al., | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

*Pro se* Plaintiff Adam-Wesley Powell is advancing various constitutional claims against Defendants City of Portland, the Portland Police Department, Como Service, LLC, and the Jay County Sheriff Department. (DE # 47.) Due to Powell's disregard for this Court's Orders and apparent disinterest in pursuing this case, and pursuant to 28 U.S.C. § 636(b)(1)(b), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b), the undersigned Magistrate Judge recommends that this case be DISMISSED as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute under Rule 41(b). This Report and Recommendation is based on the following facts and principles of law.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Powell filed this lawsuit alleging various constitutional claims against Defendants in March 2012 following a traffic stop by City of Portland police officers and a subsequent search, impoundment, and sale of his vehicle. (DE # 1, 47.) Two months later, Powell amended his complaint. (DE # 12, 16.)

From August to September 2012, Powell filed two motions for summary judgment, which were later denied (DE # 31, 46, 48); a motion for discovery (DE # 39, 40); and briefs in

opposition to motions to stay and motions to dismiss filed by Defendants (DE # 41, 45). On September 25, 2012, the Court granted Defendants' motion to stay, and the case was stayed pending resolution of Powell's state criminal proceedings and all subsequent appeals. (DE # 47.)

At a status conference on February 13, 2015, Powell and Defendants' counsel telephonically appeared and informed the Court that Powell's state criminal proceedings and all subsequent appeals had been resolved. (DE # 59.) Accordingly, the Court lifted the stay and scheduled a telephonic preliminary pretrial conference for March 30, 2015. (DE # 59, 60.)

On March 20, 2015, Defendants' counsel filed a Report of Parties' Planning Meeting, indicating that he had attempted to confer with Powell by mailing him a draft Report and inviting him to sign and return it or contact counsel for revisions, but Powell did not respond. (DE # 66.)

On March 30, 2015, Powell failed to telephonically appear for the preliminary pretrial conference. (DE # 67.) The Court set the matter over for a show cause hearing and scheduling conference on April 10, 2015. (DE # 68.) The Court directed Powell to appear in person at the hearing and show cause why he should not be sanctioned under Rule 16(f)(1) for his failure to appear at the March 30th conference. (DE # 68.) Powell was advised that if he failed to appear at the April 10th hearing, additional sanctions may issue, up to and including dismissal of his lawsuit. (DE # 68.)

On April 10, 2015, Powell failed to appear at the hearing. (DE # 70.) The Court then set the matter over to April 17, 2015, and ordered Powell to appear in person to show cause why he should not be sanctioned for twice failing to appear. (DE # 71.) Powell was also ordered to file a written statement with the Court no later than April 16, 2015, stating why he should not be sanctioned under Rule 16(f)(1) for his twice failing to appear. (DE # 71.) Powell was again

warned that his failure to appear in person for the April 17th hearing, failure to file the written statement, or failure to show cause may result in dismissal of his case. (DE # 71.)

Powell failed to file a written statement by April 16, 2015, and failed to appear at the hearing on April 17, 2015. (DE # 72.)

## II. DISCUSSION

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the court to dismiss an action, in whole or part, as a sanction. The "ultimate sanction" of dismissal "is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Aside from sanctions, a district court also has authority under Rule 41(b) to dismiss a case *sua sponte* for lack of prosecution. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation marks and citation omitted).

Here, despite this Court's Orders requiring his presence, Powell failed to appear at three hearings or conferences–the March 30th preliminary pretrial conference, the April 10th show cause hearing and pretrial conference, and the April 17th show cause hearing and pretrial conference–and never offered any explanation for his absences, suggesting at least fault, if not

3

some wilfulness, and resulting in a clear record of delay. Furthermore, a court may infer a lack of prosecutorial intent from, among other factors, the failure to appear at a scheduling conference. *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993).

Additionally, Powell's failure to appear at the scheduling conferences, by itself, is sanctionable under Rule 16(f)(1)(A) with dismissal, a sanction that the Court explicitly warned him may be imposed in its Orders setting the April 10th and April 17th conferences. After he failed to appear at the March 30th conference, the Court gave Powell two additional opportunities to show cause for his failure to appear, affirmatively stating that it may recommend dismissal if he did not appear as ordered.

As such, the Court not only warned Powell of the possibility of dismissal two times, but also gave him the chance to show cause–an opportunity he apparently declined to take–all of which suggests that dismissal is appropriate in this case. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." (citations omitted)); *Zimmerman v. Earthworks, Inc.*, No. 08-cv-0367, 2008 WL 5481124, at *1 (S.D. Ill. Dec. 18, 2008) (dismissing part of a case when plaintiff "had ample and explicit warning, including a rule to show cause, that failure to prosecute would result in dismissal of this case").

Accordingly, in the interests of judicial economy, and given Powell's repeated failure to comply with the Court's Orders and apparent disinterest in pursuing his claims, dismissal of this case as both a sanction and for failure to prosecute is appropriate.

## III.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that this case be DISMISSED.

The Clerk is directed to send a copy of this Report and Recommendation to Powell at his last known address, c/o 2021 Heather Road, Anderson, IN 46012, and to counsel for Defendants. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005) (unpublished); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Entered this 17th day of April, 2015.

/s Susan Collins  
Susan Collins,  
United States Magistrate Judge